UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JAMIE S. TIDABACK,       )
                     )
   Plaintiff,     )   Action No. 5:15-cv-226-JMH
                     )
                     )
v.                   )
                     )
                     )
CITY OF GEORGETOWN,    )   **MEMORANDUM OPINION & ORDER**
GEORGETOWN POLICE      )
DEPARTMENT, RICHARD    )
WILLIAMS, in his individual )
capacity, and RICHARD   )
WILLIAMS, as an employee of )
the City of Georgetown and  )
Georgetown Police Department,)
                     )
   Defendants.    )
                     )

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendants City of Georgetown, Georgetown Police Department, and Richard Williams in his individual capacity and as an employee of the City of Georgetown and Georgetown Police Department [DE 7].  Plaintiff has filed a Response in Opposition [DE 8] and Defendants have filed a Reply [DE 9].  Thus, this matter is fully briefed and is ripe for review.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

According to the allegations of the Complaint, on July 2, 2014, Georgetown Police Officer Richard Williams responded to a call for assistance at 1075 Degaris Mill Rd. #18 in Georgetown,

Kentucky [DE 1-1, Complaint at ¶5].  When Officer Williams arrived at the residence, Plaintiff was on a couch inside the apartment [*Id.*].  Although Plaintiff lived in the same apartment complex, this particular apartment was not her own [*Id.*].  Officer Williams told Plaintiff that she had to leave and that he would walk her to her own residence which was located in apartment #25 in the same complex [*Id.*].  After Plaintiff indicated that she did not want to leave, Officer Williams threatened to arrest her [*Id.* at ¶6].  At this time, Plaintiff agreed to walk back to her residence [*Id.*].

After Plaintiff left the apartment and reached the bottom stairs, Officer Williams arrested Plaintiff for alcohol intoxication [*Id.*].  While Plaintiff was handcuffed, Officer Williams kicked Plaintiff's feet and legs, causing her to hit the ground and causing severe pain [*Id.* at ¶7].  Once Plaintiff was on the ground, Officer Williams placed his left knee across her back [*Id.*].  When Plaintiff begin to question the police action and complain of pain and injuries, Officer Williams charged her with resisting arrest and disorderly conduct [*Id.* at ¶8].

Officer Williams then placed Plaintiff in a police car and transported her to the Scott County Detention Center [*Id.* at ¶9].  The Detention Center refused to take her due to her intoxicated state and directed that she be taken to the Georgetown Community Hospital for evaluation [*Id.*].  After the evaluation, Plaintiff was transported back to the Detention Center by Officer Williams

2

for booking, arriving at the Detention Center on July 3, 2014 at approximately 1:12 a.m. [*Id*. at ¶10].   When Officer Williams reached the sally port, he reached into the car and grabbed Plaintiff by her hands, which were still handcuffed behind her back, pulling her hands almost over her head and yanking her aggressively out of the vehicle [*Id*.].   Officer Williams refused assistance from the Detention Center staff when offered [*Id*.].

Officer Williams then walked Plaintiff inside to the booking area and, while grasping Plaintiff's handcuffed hands with one hand, took his other hand to Plaintiff's head, slamming her face into the counter in the booking area and causing physical injuries to Plaintiff [*Id*. at ¶11].   The Detention Staff called the Scott County EMS for treatment of Plaintiff's injuries [*Id*. at ¶12]. The EMS team evaluated Plaintiff and advised that she would need further medical care at the hospital [*Id*.].   Officer Williams refused to allow the EMS team to transport Plaintiff back to the hospital, but instead took her back to Georgetown Community Hospital himself [*Id*.].   After evaluation, it was determined that Plaintiff had suffered lacerations to her face, nasal fracture, and inflamed paranasal sinuses [*Id*. at ¶13].   Plaintiff then received appropriate treatment [*Id*.].

Plaintiff further alleges that, in an attempt to cover up and conceal these actions, Officer Williams, his supervisors and the other Defendants conspired and committed fraud by adding

3

additional felony charges and submitting reports claiming that Plaintiff's injuries were the result of an accident caused by her intoxication [*Id.* at ¶14]. Plaintiff also alleges that, as a result of the blow to her head inflicted by Officer Williams, she "lost all memory temporarily of the events at the jail" [*Id.* at ¶ 16]. She claims that, after being released from the Detention Center, she began to ask about what happened and how she was injured [*Id.* at ¶17]. She further claims that the police department withheld and did not make the reports submitted by Officer Williams describing the events surrounding her arrest available to her until after her preliminary hearing on the criminal charges that were brought against her on or about September 2, 2014 [*Id.*]. She also alleges that she did not receive a copy of the jail video tape showing the alleged assault, battery and civil rights violations and, was therefore unaware of the actions of Defendants until on or after August 1, 2014 [*Id.* at ¶ 18].

Based on these allegations, on July 9, 2015, Plaintiff filed her Complaint in Scott Circuit Court alleging that Officer Williams's actions establish a cause of action for violation of her federal constitutional rights under 42 U.S.C. §1983, specifically false arrest, false imprisonment, assault, battery, use of excessive force, fraud, abuse of authority, and malicious prosecution [*Id.* at ¶15]. She further alleges that, as Officer

4

Williams's employer, the City of Georgetown and the Georgetown Police Department are also liable [*Id.*].  Plaintiff also alleges that the City of Georgetown and the Georgetown Police Department failed to properly train, supervise and/or discipline Officer Williams in the treatment and care of individuals including Plaintiff, which was and is a proximate and direct cause of her serious physical injuries, as well as the violation of her rights [*Id.* at ¶16].

Defendants filed a Notice of Removal of this action on August 6, 2015 pursuant to 28 U.S.C. §§ 1331 and 1441, as it is a civil action wherein Plaintiff alleges that her action arises under the laws of the United States, specifically 42 U.S.C. § 1983 [DE 1]. Defendants have now filed a Motion for Judgment on the Pleadings, arguing that Plaintiff failed to file this action within one year from the date nearly all of her causes of action accrued and, accordingly, these causes of action are barred by the statute of limitations; Plaintiff's malicious prosecution claim is not yet ripe; and Plaintiffs claims for fraud and municipal liability are insufficiently pled [DE 7].

## II. STANDARD OF REVIEW

"After the pleadings are closed[,]...a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must

be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).  "A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991))(internal quotation marks omitted). The standard of review applied to a Motion for Judgment on the Pleadsings "is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir.2001).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint.  The Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citing *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

### A. Dismissal of Georgetown Police Department

6

As an initial matter, Defendants have correctly noted that the Georgetown Police Department is a city police department and is, accordingly, not a legal entity capable of being sued. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 905 F.Supp.2d 747, 749 (E.D.Ky. 2012). Plaintiff did not address this argument in her response, apparently conceding the issue. As Plaintiff has not objected, the Georgetown Police Department shall be dismissed as a party.

**B. Statute of Limitations**

Defendants argue that Plaintiff's § 1983 claims must be dismissed because they were filed outside of the statute of limitations. "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). In Kentucky, the statute requires all personal injury actions to be brought within one year after the cause of action accrues. KRS § 413.140(1)(a); *see also Bonner v. Perry*, 564 F.3d 424, 430—31 (6th Cir. 2009) (holding that Kentucky's one year statute of limitations period applies to § 1983 actions).

Although the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins

7

to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros., Inc.*, 103 F.3d at 519). Generally, federal law prescribes that accrual occurs "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

"State law claims for false arrest and false imprisonment, which constitutes a single cause of action in Kentucky when law enforcement is involved, as well as assault and battery arising out of an arrest, generally accrue at the time of the arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 594 U.S. at 388 (emphasis in original). Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action..., that is, when the plaintiff can file suit and obtain relief." *Id*. (internal citations omitted). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest," and "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox*, 489 F.3d at 233 (citing *Wallace*, 127 S.Ct. at 1095-96)).

8

Applying these rules to this case, the events alleged in the Complaint begin when Officer Williams responded to the call for assistance at the apartment complex at approximately 11:15 p.m. on July 2, 2014 [DE 1-1, Complaint at ¶ 5] and continue into the early morning hours of July 3, 2014 [*Id.* at ¶ 10]. Thus, it is not entirely clear from the allegations whether Plaintiff was actually arrested on July 2 or July 3, 2014. Giving Plaintiff the benefit of the doubt and assuming, for purposes of this motion, that she was arrested on July 3, 2014, her § 1983 claims for false arrest, false imprisonment, assault, battery and use of excessive force all accrued on July 3, 2014. Plaintiff did not file her Complaint in the Scott Circuit Court until July 9, 2015 [DE 1-1, Complaint]. Thus, her claims are untimely.

Plaintiff also asserts a claim for "abuse of authority" in violation of her rights under § 1983. As noted by Defendants, the existence of an independent cause of action under § 1983 for abuse of authority as a constitutional violation is unclear. Regardless, Plaintiff fails to allege any facts suggesting that Officer Williams or any other Defendant took any action that would constitute an "abuse of authority," after July 3, 2014. Indeed, all of her § 1983 claims are based on her allegations of the events occurring on July 2-3, 2014. Thus, to the extent that this claim exists, it would also have accrued on July 3, 2014. Accordingly, this claim is also untimely.

9

In an attempt to save her claims from the statute of limitations bar, Plaintiff argues that she has pled fraud on behalf of Defendants, in that they conspired to hide their action by filing false police reports, wrongfully arresting Plaintiff, and falsely attributing her injuries to her intoxication. She further points to her allegation that Defendants continued the fraud upon her by failing to provide documents to her regarding her arrest until September 2, 2014 and by failing to provide a copy of the video tape of her jail visit until August 1, 2014 and argues that should could not have found out what happened to her until after August 1, 2014, thus her cause of action did not accrue until after that date. She also argues that, because she has alleged fraud, the five-year limitation period provided by KRS § 413.120(11) applies, rather than the one-year limitation provided by KRS § 413.140.

However, Plaintiff's Complaint clearly alleges that the actions of Officer Williams "constitute...fraud...in violation of Tidabacks [sic] rights under 42 U.S.C. 1983 and the same is plead [sic] herein." Thus, Plaintiff pled fraud as a § 1983 claim, not as a separate state law claim.[1] "The Supreme Court, in a series of cases, has determined that federal courts should 'borrow and

---

[1] Moreover, as noted by Defendants, to the extent that Plaintiff argues that she has alleged "fraud" as a separate cause of action, "fraud" by itself is not a federal cause of action and is instead subsumed within Plaintiff's § 1983 claims.

apply to all § 1983 claims the one most analogous state statute of limitations of limitations.'" *Bonner*, 564 F.3d at 430 (6th Cir. 2009)(quoting *Owens v. Okure*, 488 U.S. 235, 240 (1989)). In *Owens*, the Supreme Court noted that the Court had previously attempted to address confusion over the appropriate limitations period for § 1983 claims in *Wilson v. Garcia*, 471 U.S. 261, (1985), explaining that "[b]ecause '§ 1983 claims are best characterized as personal injury actions,' we held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens*, 488 U.S. at 240-41 (quoting *Wilson*, 471 U.S. at 280). However, the Court in *Owens* further clarified that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id*. at 249-50. Thus, Kentucky's one-year limitations period for personal injury actions provided by KRS § 413.140(1)(a) applies to *all* of Plaintiff's § 1983 claims, including her claim for fraud, not the five-year limitations period provided for fraud claims by KRS § 413.120(11).

Plaintiff also attempts to save her § 1983 claims by referring to her allegation that "as a result of the blow to her head that was inflicted by Williams, Tidaback lost all memory temporarily of the events at the jail" [DE 1-1, Complaint at ¶16]. Plaintiff

11

argues that this memory loss qualifies as a disability for purposes of KRS § 413.170(1), which provides:

> [i]f a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

KRS § 413.170(1).

Plaintiff is correct that, under Kentucky law, the statute of limitations for a cause of action for personal injury is tolled if Plaintiff is "of unsound mind" at the time the cause of action accrued. *See Powell v. Jacor Communications Corporate*, 320 F.3d 599, 603-604 (6th Cir. 2003). "The term 'unsound mind' within the meaning of KRS 413.170(1) has been interpreted by [the Kentucky Supreme Court] to mean that the person claiming the disability must show that he has been rendered incapable of managing his own affairs." *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 297 (Ky. Ct. App. 1993)(citing *Southeastern Kentucky Baptist Hosp. v. Gaylor,* Ky., 756 S.W.2d 467 (1988)).

However, Plaintiff's vague allegation of "temporary memory loss" with respect to the events at the jail do not equal an allegation of "unsound mind" sufficient to toll the statute of limitations under KRS § 413.170(1). Plaintiff does not allege any specific facts regarding her memory loss, such as the duration and

12

severity of the memory loss. Nor does she allege any facts to support a finding that she had been rendered incapable of managing her own affairs. Indeed, she specifically alleges that after her release, she began to inquire about what happened to her and the source of her injuries, suggesting that she was capable of at least understanding that she may have a potential cause of action [DE 1-1, Complaint at ¶17].

In fact, it is only in response to Defendants' Motion to Dismiss does Plaintiff first claim that since the incident, Plaintiff has been diagnosed with neurocognitive impairment due to traumatic brain injury and post-traumatic stress disorder, that she has an IQ of 75, and that she suffers mild cognitive impairment and memory loss. Plaintiff provides no further information regarding the basis for these assertions, such as details regarding when Plaintiff was diagnosed and by whom. Moreover, none of this information was pled in her Complaint and her effort to raise it only in response to a statute of limitations argument, and with no evidentiary support, is questionable at best.

Regardless, this Court must examine Plaintiff's allegations as pled in her Complaint, which only vaguely allege temporary memory loss. While Fed. R. Civ. P. 8 requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint must "give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." *Carter v. Ford Motor Co.*, 561 F.3d 562 (6th Cir.2009)(internal citations omitted).  Moreover, the factual allegations set forth in the complaint must "raise a right to relief beyond the speculative level." *Twombly,* 550 U.S. at 555.  The Court finds that Plaintiff's vague allegation of temporary memory loss is insufficient to support tolling the limitations period of her § 1983 claims due to "unsound mind."  Thus, Plaintiff is not entitled to relief pursuant to KRS § 413.170(1).

For all of these reasons, the Court finds that Plaintiff's § 1983 claims for false arrest, false imprisonment, assault, battery, use of excessive force, fraud and abuse of authority are untimely and, accordingly, will be dismissed.

## C. Plaintiff's Malicious Prosecution Claim

Plaintiff has also alleged a malicious prosecution claim under § 1983.  The Sixth Circuit Court of Appeals has outlined four elements that a plaintiff must prove to succeed on a § 1983 malicious prosecution claim:

> (1) a criminal prosecution was initiated against the plaintiff, and the defendant made influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017), *as amended on denial of reh'g* (Mar. 20, 2017)(citing *Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010)).

Here, Plaintiff's criminal case in the Scott Circuit Court is still pending. Accordingly, her potential claim for malicious prosecution is not ripe and will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) as the Court lacks subject matter jurisdiction over these claims. *See Norton v. Ashcroft,* 298 F.3d 547, 554 (6th Cir.2002)(citing *Bigelow v. Michigan Dep't of Natural Res.,* 970 F.2d 154, 160 (6th Cir.1992))("A court lacks jurisdiction over the subject matter if a claim is not yet ripe for judicial review."); *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle,* 429 U.S. 274, 278 (1977)(holding that the court has an independent duty "to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction).

**D. Plaintiff's Fraud Claim**

As held above, Plaintiff's fraud claim is subsumed by her § 1983 claims and, accordingly, is dismissed as untimely. However, to the extent that Plaintiff attempts to state a claim for fraud under Kentucky state law, she fails to plead fraud with sufficient particularity. In alleging fraud, Federal Rule of Civil Procedure 9(b) requires a party to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). To be pled with

15

particularity, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009)(quotation marks and citation omitted). Thus, while the Sixth Circuit reads Rule 9(b) "liberally" it nevertheless requires that "a plaintiff, *at a minimum*...allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-162 (6th Cir.1993)(emphasis added).

When faced with a motion to dismiss for failure to plead fraud "with particularity" as required by Rule 9(b) of the Federal Rules of Civil Procedure, "a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8" of the Federal Rules of Civil Procedure. *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir. 1988). Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct" allegations. Thus, Rule 9(b)'s particularity requirement must be "read in harmony" with Rule 8. *Id*. The purpose of Rule 9(b)'s particularity requirement is to provide the

defendant fair notice of the substance of the plaintiff's claim in order that the defendant may prepare a responsive pleading.

Here, in support of her fraud claim, Plaintiff alleges that "[i]n an attempt to cover up and conceal these actions Williams, his supervisors and the other Defendants conspired and committed fraud by adding additional felony charges and submitted reports claiming that [Plaintiff's] injuries were the result of an accident caused by her intoxication" [DE 1-1, Complaint at ¶ 14]. These bare allegations fail to allege the "time, place and manner" of the purported fraud with particularity. For example, although Plaintiff alleges that Defendants added "additional" felony charges, she fails to identify *any* felony charges, much less those that she purports were added fraudulently. Neither does she allege any facts to establish that these unidentified felony charges were fraudulent. Similarly, although Plaintiff alleges that Defendants submitted false reports, she fails to makes any allegations regarding to whom and when such reports were purportedly made.

Moreover, Plaintiff fails to allege that any of the purportedly false statements were made to her, or that she relied on them to act, or refrain from acting, in a way that caused any injury to her. Plaintiff's vague allegations simply fail to state her claim of fraud with particularity, thus Plaintiff's fraud claim fails to state a claim. Accordingly, Plaintiff's fraud claim is dismissed.

**E. Municipal Liability of the City of Georgetown**

In addition to her claims against Officer Williams, Plaintiff alleges that the City of Georgetown and the Georgetown Police Department "failed to properly train, supervise and/or discipline Williams in the treatment and care of individuals including [Plaintiff], which was and is a proximate and direct cause of the serious physical injuries to and violation of the rights of [Plaintiff]" [DE 1-1, Complaint at ¶ 16]. In order to recover on a § 1983 municipal liability claim, Plaintiff must show that the alleged violations of her civil rights occurred pursuant to and as a direct result of an official and unconstitutional municipal policy, practice, or custom; there can be no liability under a theory of respondeat superior. *Monell v. Dep't of Soc. Servs., City of New York,* 436 U.S. 658, 691 (1978); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994); *Oklahoma City v. Tuttle,* 471 U.S. 808, 822–23 (1985). Plaintiff must demonstrate a direct causal connection between a policy or a custom of the Government and the Plaintiffs' alleged injuries. *Tuttle,* 471 U.S. at 823; *Johnson v. Hardin Cnty., Kentucky,* 908 F.2d 1280, 1285 (6th Cir.1990). A plaintiff's failure to demonstrate constitutional harm defeats municipal liability. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

"To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements

18

or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'" *Bright v. Gallia County, Ohio*, 753 F.3d 639, 660 (6th Cir. 2014)(quoting *Shamaeizadeh v. Cunigan,* 338 F.3d 535, 556 (6th Cir.2003)). Thus, to survive a motion to dismiss for failure to state a claim, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir.2008)).

As an initial matter, the Court has already found that Plaintiff's § 1983 claims for false arrest, false imprisonment, assault, battery, use of excessive force, fraud, and abuse of authority fail, as they are barred by the statute of limitations. Accordingly, Plaintiff fails to state a municipal liability claim, as she can allege no constitutional harm.

In addition, Plaintiff's Complaint makes the bare allegation that the City of Georgetown "failed to properly train, supervise, and/or discipline Williams in the treatment and care of individuals including Plaintiff" [DE 1-1, Complaint at ¶ 16]. This vague allegation fails to identify any sort of policy or custom of the

19

City of Georgetown pursuant to which Officer Williams was allegedly acting, much less identify facts to support a finding that this policy or custom caused any violations of Plaintiff's constitutional rights.   Thus, Plaintiff's municipal liability claim does not meet the minimal requirements of factual specificity and sufficiency "to raise a right to relief above the speculative level," and is subject to dismissal on this basis. *Twombly*, 550 U.S. at 545.

For all of the foregoing reasons, the Court finds that Plaintiff has failed to state a claim for § 1983 municipal liability.  Accordingly, this claim is dismissed.

**IV. Conclusion**

For the reasons stated above, **IT IS ORDERED:**

(1) that Defendant Georgetown Police Department is **DISMISSED** as a party;

(2) that Defendants Motion for Judgment on the Pleadings [DE 7] shall be **GRANTED**;

(3) that Plaintiff's claim for malicious prosecution shall be **DISMISSED WITHOUT PREJUDICE**;

(4) that the remainder of Plaintiff's claims shall be **DISMISSED WITH PREJUDICE**;

(5) that all scheduled proceedings are **CONTINUED GENERALLY**;

(6) that all pending motions are **DENIED AS MOOT**; and

    (7)  that this Order is **FINAL AND APPEALABLE** and **THERE IS NO JUST CAUSE FOR DELAY.**

    This the 31st day of March, 2017.



**Signed By:**

_**Joseph M. Hood**_

**Senior U.S. District Judge**