```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**
```

| | | |
|---|---|---|
| JAMIE S. TIDABACK, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:15-cv-226-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF GEORGETOWN, | ) | **MEMORANDUM OPINION & ORDER** |
| GEORGETOWN POLICE | ) | |
| DEPARTMENT, RICHARD | ) | |
| WILLIAMS, in his individual | ) | |
| capacity, and RICHARD | ) | |
| WILLIAMS, as an employee of | ) | |
| the City of Georgetown and | ) | |
| Georgetown Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

                    **   **   **   **   **

This matter is before the Court on the Motion to Reconsider filed by Plaintiff [DE 12], in which she requests that the Court reconsider its March 31, 2017 Judgment dismissing Plaintiff's claims [DE 11]. Also before the Court is Plaintiff's Motion for Leave to Seal a Document [DE 13], seeking permission to submit a copy of a competency/criminal responsibility evaluation in support of her Motion to Reconsider under seal.

**I.    Factual and Procedural Background**

On March 31, 2017, the Court granted the Motion for Judgment on the Pleadings filed by Defendants, City of Georgetown, Georgetown Police Department, and Richard Williams in his

1

individual capacity and as an employee of the City of Georgetown and Georgetown Police Department (collectively, "Defendants") [DE 10] and entered a Judgment in favor of Defendants [DE 11]. As explained more fully in the Court's Memorandum Opinion & Order [DE 10], dismissal of Plaintiff's claims was warranted because Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 were untimely; Plaintiff's malicious prosecution claim is not yet ripe; and Plaintiff's claims for fraud and municipal liability were insufficiently pled [*Id.*]. The Court also dismissed the Georgetown Police Department, as it is a city police department and is, accordingly, not a legal entity capable of being sued.

Plaintiff has now filed a Motion to Reconsider the Court's Order dismissing her case, arguing that the allegations in her Complaint contain sufficient facts upon which relief may be granted and that material issues of fact exists, such that Defendants are not entitled to Judgement in their favor.

## II. Standard of Review

Although Plaintiff fails to specify the legal basis for her motion, as Plaintiff seeks to alter or amend a judgment, her motion to reconsider is governed by Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment under Rule 59(e) should be granted only when there has been (1) an intervening change of the controlling law; (2) discovery of evidence not previously available which has since become available; or (3) a clear error of law or to prevent

2

manifest injustice.  *GenCorp., Inc. v. Am., Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted).  The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998).  Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Moreover, Fed. R. Civ. P. 60 also provides for grounds for reconsideration.  Rule 60(b) permits the Court to provide relief from a final judgment or order when 1) there has been mistake, inadvertence, surprise or excusable neglect; 2) there is newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) there has been fraud, misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable or 6) any other reason that justifies relief.  *See* Fed. R. Civ. P. 60.  *See also GenCorp., Inc.*, 477 F.3d at 372.

### III. Analysis

Plaintiff's motion to reconsider essentially re-hashes the arguments made in response to Defendants' Motion for Judgment on

3

the Pleadings.  She does not identify any of the grounds for altering or amending a judgment under Rule 59(e) as the basis for her motion, nor does she argue that relief from the Court's judgment or order is appropriate for the reasons provided by Rule 60.  For these reasons alone, Plaintiff's Motion is not well-taken.

Plaintiff does seek to submit additional evidence regarding her allegation of "temporary memory loss" in a further attempt to equate this allegation with an allegation of "unsound mind" sufficient to toll the statute of limitations for her § 1983 claims pursuant to KRS § 413.170(1).  KRS § 413.170(1) tolls the statute of limitations applicable to Plaintiff's § 1983 claims while the person entitled to bring the claim is "an infant or of unsound mind."  *Id*.  "The term 'unsound mind' within the meaning of KRS 413.170(1) has been interpreted by [the Kentucky Supreme Court] to mean that the person claiming the disability must show that he has been rendered incapable of managing his own affairs."  *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 297 (Ky. Ct. App. 1993)(citing *Southeastern Kentucky Baptist Hosp. v. Gaylor,* Ky., 756 S.W.2d 467 (1988)).

The Court held that Plaintiff's allegations of "temporary memory loss" regarding the injuries sustained the night of her arrest and booking did not rise to the level of "unsound mind" for purposes of KRS § 413.170(1).  In her Motion to Reconsider,

Plaintiff now attempts to submit additional evidence that she was of "unsound mind," specifically a February 5, 2016 Competency/Criminal Responsibility evaluation of Plaintiff prepared by John D. Ranseen, Ph.D., a Licensed Clinical Psychologist, pursuant to an order entered by the Honorable Paul F. Isaacs of the Scott Circuit Court in Plaintiff's criminal case [DE 13-2, Evaluation]. According to Plaintiff, this evaluation is the basis for the diagnosis of Plaintiff's condition, which she claims includes neurocognitive impairment due to traumatic brain injury, posttraumatic stress disorder (PTSD), mild cognitive impairment and memory loss [DE 12 at p. 2, 3].

As an initial matter, the competency evaluation submitted by Plaintiff is not "newly discovered" evidence that would justify altering or amending the Court's prior Order and Judgment. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc.*, 178 F.3d at 834 (citations omitted). Plaintiff does not argue that this evaluation was previously unavailable to her when she filed her response to Defendants' Motion for Judgment on the Pleadings. In fact, Plaintiff's counsel is specifically copied on the February 5, 2016 Report [DE 13-2, Evaluation at p. 10]. Thus, to the extent that Plaintiff wished to rely on this evaluation, she should have done so in her response to the Motion for Judgment on the Pleadings.

5

Regardless of the untimeliness of Plaintiff's submission, the Court has, nevertheless, reviewed the evaluation and finds that it does not justify altering or amending its prior Order and Judgment. The "Diagnostic Impressions (DSM-5)" section of the evaluation does not relate Plaintiff's Psychiatric Diagnoses to the incident leading to her arrest on July 2-3, 2014. Rather, the evaluation states that Plaintiff's "primary problem is clearly Polysubstance Abuse with Alcohol as the primary substance of abuse" [DE 13-2, at p. 5]. The evaluation also states that Plaintiff likely has a mild degree of generalized cognitive impairment, given a probable severe traumatic brain injury suffered in a four-wheeler accident in 2005, her diabetic condition, and her substance abuse history [*Id.*]. It also states that Plaintiff's history (which includes an abusive childhood, alcohol and drug abuse, the aforementioned severe four-wheeler accident after which Plaintiff reported being in a coma for approximately 3.5 weeks, and three other motor vehicle accidents) suggests that "some of her problems in life likely relate to a chronic or complicated Posttraumatic Stress Disorder (PTSD)" [*Id.*].

However, despite these diagnostic impressions, the evaluator concludes that Plaintiff is competent to stand trial based, in part, on the finding that, although Plaintiff's "focus and memory may be slightly limited, there is nothing to suggest that her cognitive functions are impaired in a manner to preclude her

6

rational consideration of her options" [*Id.* at p. 8]. With respect to Plaintiff's criminal responsibility for the events leading to her arrest on July 2-3, 2014, the evaluator concludes that "at the time of the alleged events [Plaintiff] was not suffering from any mental disease or defect that would preclude her from appreciating the nature or wrongfulness of her actions or conforming her behavior to the standard of the law" [*Id.* at p.9]. The evaluator notes that it seems highly likely that Plaintiff was "significantly intoxicated" at the time of the events surrounding her arrest and that it also seems likely that she does not have full recall for these events [*Id.*]. However, the evaluator further concludes that "it definitely appears that she was drinking and likely using other drugs in a volitional manner. Thus, although the use of drugs undoubtedly would have contributed to impulsive behavior and poor decision making, this does not absolve her of responsibility" [*Id.*].

Contrary to Plaintiff's argument, these findings simply do not support a finding by the Court that Plaintiff was of "unsound mind" for purposes of tolling the statute of limitations pursuant to KRS § 413.170(1). The evaluation acknowledges that Plaintiff's memory of the events surrounding her arrest is fragmented, but further recognizes that she was drinking and likely using drugs in a volitional manner and it is highly likely that she was significantly intoxicated during these events. However,

7

"significant intoxication" is not the same as "of unsound mind" as that term is used in the statute. Plaintiff points to no finding in the evaluation or otherwise that states that she was ever incapable of managing her own affairs, which is the relevant inquiry under KRS § 413.170(1).

Moreover, the evaluation says nothing about Plaintiff's mental or physical state from the time she was arrested on July 3, 2014 until August 1, 2014, the date on which she argues that the statute of limitations should begin to run. Plaintiff seeks to have the statute of limitation tolled until August 1, 2014, as it is the date that she claims she viewed a videotape of her booking and first discovered that she potentially had a claim. However, this evaluation simply makes no findings regarding Plaintiff's mental state during this time period. Nor does the evaluation make any findings regarding Plaintiff's ability to manage her own affairs during this time period.

Glaringly missing from any of Plaintiff's allegations in her Complaint or the evidence submitted to the Court via her competency evaluation is any evidence that Plaintiff has ever been declared incompetent, to be of unsound mind or incapable of handling her own affairs. For all of these reasons, the Court sees no reason to disturb its prior holding that Plaintiff is not entitled to relief pursuant to KRS § 413.170(1), as her vague allegation of

temporary memory loss is insufficient to support tolling the limitations period of her § 1983 claims due to "unsound mind."

Plaintiff also re-states (almost word-for-word) her argument that, because she has alleged fraud, the five-year limitation period provided by KRS § 413.120(11) applies to her claims, rather than the one-year limitation provided by KRS § 413.140. However, as set forth more fully in the Court's prior Opinion [DE 10], this argument ignores the clear law governing the statute of limitations for § 1983 claims (including those alleging fraud). This argument also overlooks Plaintiff's failure to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b). Regardless, Plaintiff simply re-argues her case against Defendant's Motion for Judgment on the Pleadings, which is inappropriate on a motion to reconsider. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374.

Finally, Plaintiff takes issue with the dismissal of the Georgetown Police Department. The Court's Order held that, as a city police department, the Georgetown Police Department is not a legal entity capable of being sued and, accordingly, dismissed it as a party. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 905 F.Supp.2d 747, 749 (E.D.Ky. 2012). The Court noted that Defendants raised this argument in their motion and Plaintiff did not object. Plaintiff now argues that dismissal "without further facts" was improper and that her failure to respond "does not mean the law

should not be applied, which this court did not do" [DE 12]. However, the Court did, in fact, apply the law. The Georgetown Police Department is a *department* of the municipal government and is not a proper legal entity to be sued. Rather, the proper defendant is the municipality itself (here, the City of Georgetown). *See Hornback*, 905 F.Supp.2d at 749. *See also State v. Elizabethtown Police Dep't*, No. CIV.A.3:09-CV-569-H, 2010 WL 1196193, at *2 (W.D. Ky. Mar. 23, 2010). Accordingly, the Georgetown Police Department was properly dismissed as a party.

**IV. Conclusion**

For all of the foregoing reasons, **IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Leave to Seal a Document [DE 13] is **GRANTED** and the copies of her competency/criminal responsibility evaluation attached to Plaintiff's Motion for Leave to Seal a Document [DE 13-1 and DE 13-2] shall remain **SEALED**; and

(2) Plaintiff's Motion to Reconsider [DE 12] is **DENIED**.

This the 14th day of April, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge